FILED

OCT 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRIS R. JONES, Sr., | No. 14-15614 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-01941-JAD-PAL |
| v. | |
| LAS VEGAS VALLEY WATER DISTRICT; et al. | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 27, 2016[**]

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Terris R. Jones, Sr., appeals pro se from the district court's summary

judgment in his employment action alleging violations of Title VII. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Szajer v. City of Los*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Jones's Title VII discrimination claims because Jones failed to raise a genuine dispute of material fact as to whether he was subjected to an adverse employment action. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (setting forth elements of Title VII discrimination claim).

The district court properly granted summary judgment on Jones's Title VII hostile work environment claim because Jones failed to raise a genuine dispute of material fact as to whether any alleged harassment was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (setting forth elements of a prima facie case of hostile work environment claim based on race under Title VII).

The district court properly granted summary judgment on Jones's Title VII retaliation claim because Jones failed to raise a genuine dispute of material fact as to whether there was a causal link between his negative performance evaluation and any protected conduct. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112

(9th Cir. 2000) (setting forth elements of a Title VII retaliation claim).

The district court properly denied Jones's motions for summary judgment because Jones failed to establish "beyond controversy every essential element of" his claims. *S. Cal. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003) (citation and internal quotation marks omitted).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**